UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 4:08-CR-372 |
| vs. | ) | |
| | ) | ORDER |
| Monica Lynn Waddell Usrey | ) | |
| _____ | ) | |

On January 28, 2011, defendant filed a "Motion under Title 18 U.S.C. 3582(b) and U.S. Sentencing Guidelines 4A1.1(e) for Reduction of Sentence based on 2010 Guideline Amendment Five which became effective on November 1, 2010, and caused up to a two point reduction in Criminal History Category." (Doc. # 790). The government filed a response in opposition to defendant's motion on February 8, 2011.

On May 14, 2010, the U.S. Sentencing Commission sent to Congress notice of several new amendments to the United States Sentencing Guidelines slated to take effect on November 1, 2010. 75 Fed.Reg. 27388-01. One of the new amendments eliminated a guideline provision that had been in place since the United States Sentencing Guidelines' inception- U.S.S.G. § 4A1.1(e). Section 4A1.1(e) added to a defendant's criminal history points what are generally referred to as "recency" points. Either one or two points were added to a defendant's criminal history under § 4A 1.1(e) when the defendant committed the current offense within two years of being released from a term of imprisonment of at least sixty days. This amendment is now formally designated as Amendment 742, although it was sometimes referred to as "Amendment 5" because it was listed fifth in the notice sent on May 14, 2010, to Congress in 75 Fed.Reg. 27388-01.

1

As indicated in the government's response, defendant was not enhanced under the referenced guideline section at the time of sentencing. She received one criminal history point in paragraph twenty of her presentence report for a marijuana conviction and two criminal history points in paragraph twenty-one for two burglary convictions. Her total criminal history score was a three based on these calculations, which resulted in a criminal history category of II. She received a sixty month sentence based on a statutory mandatory minimum.

Accordingly, after careful review, the Court concludes that defendant is not entitled to relief under Guideline Amendment 742, as the referenced guideline section, U.S.S.G. 4a1.1(e), was not applied in her case. Therefore, defendant's motion to reduce her sentence based on Guideline Amendment Five (promulgated as Amendment 742) is hereby **DENIED**. (Doc. # 790).

    **IT IS SO ORDERED**.

                                        s/ Terry L. Wooten
                                        Terry L. Wooten
                                        United States District Judge

March 31, 2011
Florence, South Carolina

2